BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
National Security Division
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorney
Transnational Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/5748/0813
     Facsimile: (213) 894-0141
     E-mail:    ian.yanniello@usdoj.gov
                amanda.elbogen@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>AUDREY ILLEENE CARROLL,<br>  aka "Asiginaak,"<br>  aka "Black Moon,"<br>ZACHARY AARON PAGE,<br>  aka "AK,"<br>  aka "Ash Kerrigan,"<br>  aka "Cthulu's Daughter,"<br>DANTE JAMES ANTHONY-GAFFIELD,<br>  aka "Nomad,"<br>TINA LAI,<br>  aka "Kickwhere,"<br><br>          Defendants. | No. CR 25-1022-MWF – 1-4<br><br>PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT INFORMATION |
|---|---|

The Court has read and considered the government's *Ex Parte* Application for Entry of Protective Order (the "Application") regarding discovery containing personal identifying information,

Privacy Act information, and Confidential Informant information, filed January 20, 2026, and Defendant Zachary Page's Partial Opposition to the Government's Application (the "Opposition"), filed January 21, 2026. (Docket Nos. 59, 60). The Opposition is OVERRULED. For good cause shown, the Application is GRANTED, and the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to defendants AUDREY ILLEENE CARROLL's, ZACHARY AARON PAGE's, DANTE JAMES ANTHONY-GAFFIELD's, and TINA LAI's alleged crimes, that is, Providing and Attempting to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A, and Possession of Unregistered Firearms, in violation of 26 U.S.C. § 5861(d), as to all defendants; and Conspiracy to Use Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a, as to defendants CARROLL and PAGE.

2. A protective order for the discovery is necessary so that the government can produce to the defense materials regarding confidential informants and/or cooperating witnesses who participated in the government's investigation and/or who may testify at trial. Because these materials could be used to identify the confidential informants and/or cooperating witnesses, the Court finds that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her and/or his/her family to potential safety risks.

3. A protective order for the discovery is also necessary so that the government can produce to the defense materials containing third parties' personal identifying information ("PII"). The Court

2

finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendants an unredacted set of discovery containing this information without this Court entering the Protective Order.

4. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). The Court finds that, to the extent that these materials contain Privacy Act information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

5. The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

6. Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

    a. As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

    b. As used herein, "CI Materials" includes any information relating to a confidential informant's and/or cooperating witness's prior history of cooperation with law

enforcement, prior criminal history, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, recording, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

      c.    "Confidential Information" refers to any document or information containing: PII or CI Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

      d.    "Defense Team" includes (1) defendants' counsel of record ("defense counsel"); (2) other attorneys at defense counsels' law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendants, defendants' family members, or any other associates of defendants.

      e.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

       f.   If any defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to this Court to have the designation removed.

       g.   Defendants and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

       h.   The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendants, while outside the presence of the Defense Team.

       i.   Notwithstanding the above, defendants may see and review CI Materials only in the presence of defense counsel, and defense counsel shall ensure that defendants are never left alone with any CI Materials.  At the conclusion of any meeting with defendants at which defendants are permitted to view CI Materials, defendants must return any CI Materials to defense counsel, who shall take all such materials with counsel.  Defendants may not take any CI Materials out of the room in which defendants are meeting with defense counsel.  If defense counsel wishes to enable defendants to review CI Materials in the presence of any person on the Defense Team other than defense counsel, defense counsel shall submit a letter to government counsel of record identifying that person (the "designated person").  Alternatively, defense counsel may maintain a list of Defense Team members with the USAO and will be notified if such individuals are preapproved to serve as

designated persons.  No CI Materials may be shown to defendants by a designated person until that person is approved by the government.  At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendants, regardless of defendants' custody status.

   j. Defendants may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that defendants are never left alone with any PII Materials.  At the conclusion of any meeting with defendants at which defendants are permitted to view PII Materials, defendants must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendants may not take any PII Materials out of the room in which defendants are meeting with the Defense Team.

   k. Defendants may see and review Confidential Information as permitted by this Protective Order, but defendants may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendants also may not write down or record any data or information contained in the Confidential Information.

   l. The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendants.  Defense counsel or a designated person, as defined above, must be present whenever any CI Materials are being shown to a witness or potential witness.  A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be

6

informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

        m.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence. Non-password-protected or paper copies of CI Materials shall not be left unattended in any vehicle.

        n.   To the extent that defendants, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

        o.   The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendants and any motion filed by defendants pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with

the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any PII and/or CI Materials and make all reasonable attempts to limit the divulging of PII and/or CI Materials.

       p.   Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

       q.   If any Confidential Information contains both CI Materials and another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of this Protective Order.

       r.   Confidential Information shall not be used by any member of the defense team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain

subject to the Protective Order unless and until such order is modified by this Court.

       s.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order.

       t.   Defense counsel shall advise defendants and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendants and members of the Defense Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

February 6, 2026  
DATE

MICHAEL W. FITZGERALD  
United States District Judge

Presented by:

  /s/  
IAN V. YANNIELLO  
AMANDA B. ELBOGEN  
DANIEL H. WEINER  
Assistant United States Attorney