BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
National Security Division
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorney
Transnational Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/5748/0813
     Facsimile: (213) 894-0141
     E-mail:    ian.yanniello@usdoj.gov
                amanda.elbogen@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>1) AUDREY ILLEENE CARROLL;<br>2) ZACHARY AARON PAGE;<br>3) DANTE GAFFIELD; and<br>4) TINA LAI,<br><br>    Defendants. | No. CR 25-1022-MWF – 1-4<br><br><u>ORDER CONTINUING TRIAL DATE AND</u><br><u>FINDINGS REGARDING EXCLUDABLE TIME</u><br><u>PERIODS PURSUANT TO SPEEDY TRIAL</u><br><u>ACT</u><br><br>**TRIAL:** 10/13/2026, 8:30am<br><br>**PRETRIAL CONF:** 09/21/2026, 3:00pm |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed on February 5, 2026. The Court has also reviewed Defendant Zachary Page's Objection to Trial Continuance, filed February 6, 2026. (Docket Nos. 64, 65). The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order,

1 demonstrates facts that support a continuance of the trial date in
2 this matter, and provides good cause for a finding of excludable time
3 pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.
4     The Court further finds that: (i) the ends of justice served by
5 the continuance outweigh the best interest of the public and
6 defendants in a speedy trial; (ii) failure to grant the continuance
7 would be likely to make a continuation of the proceeding impossible,
8 or result in a miscarriage of justice; and (iii) failure to grant the
9 continuance would unreasonably deny defendants continuity of counsel
10 and would deny defense counsel the reasonable time necessary for
11 effective preparation, taking into account the exercise of due
12 diligence.
13 THEREFORE, FOR GOOD CAUSE SHOWN:
14     1.  The trial in this matter is continued from February 17,
15 2026, to **October 13, 2026, at 8:30am.**  The Court sets the following
16 pretrial schedule:
17        a.  Government expert disclosure deadline: June 1, 2026
18        b.  Defense expert disclosure deadline: July 1, 2026
19        c.  Pretrial motions other than motions *in limine*:
20           i.  Motions due: August 3, 2026
21           ii. Oppositions due: August 17, 2026
22           iii. Optional replies due: August 31, 2026
23           iv. Hearing date: September 14, 2026, at 3:00pm.
24        d.  Government's disclosures pursuant to Fed. R. Evid.
25           404(b): August 3, 2026
26        e.  Reciprocal discovery deadline: August 10, 2026
27        f.  Motions *in limine*:
28           i.  Motions due: August 24, 2026

          ii.    Oppositions due: September 7, 2026

          iii. MIL hearing date/Pretrial Conference: **September 21, 2026, at 3:00pm.**

2.    The time period from the date the stipulation to continue was filed to October 13, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(iv), and (h)(6).

3.    The court further finds that defendant ZACHARY AARON PAGE ("defendant PAGE") is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.  Pursuant to 18 U.S.C. § 3161(h)(6), the time period from the date the stipulation to continue was filed to October 13, 2026, inclusive, constitutes a reasonable period of delay for defendant PAGE, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

4.    Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

February 6, 2026  
DATE

MICHAEL W. FITZGERALD  
United States District Judge

3